IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Nottingham, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 749 C.D. 2024 |
| | : | |
| McCormick Law Firm (Office of | : | Submitted: November 6, 2025 |
| Open Records), | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED: December 18, 2025

James Nottingham (Requester), proceeding *pro se*, petitions for review of the May 16, 2024 Final Determination (Final Determination) of the Office of Open Records (OOR), which dismissed Requester's appeal from the deemed denial of his Right-to-Know Law (RTKL)[1] request (Request) submitted to McCormick Law Firm (McCormick).  The OOR concluded that it was without jurisdiction to consider Requester's appeal because McCormick is neither a Commonwealth agency nor a local agency subject to the RTKL's disclosure requirements.

Also before the Court is McCormick's Motion to Quash, which we consolidated with the merits by Order entered October 4, 2024.[2]

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] On September 20, 2024, this Court docketed Requester's *pro se* "Interlocutory Appeal as of Right to Sustain Jurisdiction, Pa.R.A.P. 311(b)," in which Requester purports to petition for review of the OOR's Final Determination a second time.  No new issues appear in this filing which, in any event, clearly is untimely.  *See* Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a) (petitions for review to this Court from final determinations of the OOR must be filed within 30 days of the final determination).

Upon review, we deny the Motion to Quash and affirm the OOR's Final Determination.

## I.       FACTS AND PROCEDURAL HISTORY

On May 3, 2024, Requester submitted the Request to McCormick via first-class mail at 835 West Fourth Street, Williamsport, Pennsylvania.  Therein, Requester sought the following:

(1)  Records requested from June 6, 2017, suppression hearing transcripts from Case No. CP-41-CR-0001190-2015[;]

(2)  [Criminal History Record Information Act (]CHRIA[)[3]] date of arrest[;]

(3)  Disposition of charges on July 17, 2015[;]

(4)  Rule 600, and Rule 1100 [s]tatute of [l]imitations[;]

(5)  Procedure of Rule 141 after dismissal of charges on July 17, 2015[;]

(6)  Produce valid arrest warrant/warrant with blood samples and all test results from lab as sworn by ADA Wade Martin[;]

(7)  Policy, rule, and procedure for falsifying court documents[;]

(8)  Policy, rule, and procedure for falsifying court documents[;]

(9)  Policy, rule, and procedure for a lack of subject matter jurisdiction as found on July 17, 2015, and conspiracy to false arrest/false imprisonment[;]

(10) Provide sentence order from January 10, 2017, presided by Sr. Judge Richard A. Gray, to include disposition of all charges[;]

(11) Provide arrest or rearrest date following January 10, 2016[;]

---

[3] 18 Pa.C.S. §§ 9101-9183.

(12) Provide arrest for count-10 [p]erson not to possess[;]

(13) Policy, rule, and procedure for a lack of jurisdiction.

(Certified Record (C.R.), OOR Ex. 1, at 2) (unnecessary capitalization omitted). There is no written response to the Request from McCormick in the record. Nevertheless, on May 10, 2024, Requester appealed to the OOR from what he contended was the deemed denial of the Request. (C.R., OOR Ex. 1, at 1.)[4]

The OOR issued its Final Determination on May 16, 2024. Therein, the OOR concluded that, because McCormick was neither a "local agency" nor a "Commonwealth agency" as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102, it lacked jurisdiction over the appeal, which it accordingly dismissed. (C.R., OOR Ex. 2.) The OOR notified Requester that he could "petition for review to a court with competent jurisdiction" within 30 days. *Id.* (citing Sections 1301(a), 1302(a) of the RTKL, 65 P.S. §§ 67.1301(a), 67.1302(a)).

Requester petitioned for review in this Court on May 31, 2024.[5]

## II. DISCUSSION

Because our review of the OOR's Final Determination and McCormick's Motion to Quash present similar and intertwined issues, we address them together. Requester presents four issues in his brief, only the first of which relates to the OOR's

---

[4] Because it does not materially affect our disposition, we assume that the Request was deemed denied by operation of law pursuant to Section 901 of the RTKL, 65 P.S. § 67.901 (requests are deemed denied if the receiving agency does not send a response within five business days). McCormick appears to concede this fact in its brief. *See* McCormick Br. at 4.

[5] Requester has filed in this Court at least two other petitions for review of OOR final determinations regarding similar RTKL requests he submitted to private parties. *See Nottingham v. Ulmer (Office of Open Records)* (Pa. Cmwlth., No. 284 C.D. 2024, filed April 3, 2025), and *Nottingham v. Marshall, Dennehey, Warner, Coleman & Goggin, P.C. (Office of Open Records)* (Pa. Cmwlth., No. 1404 C.D. 2023, filed July 15, 2025).

3

conclusion that McCormick is neither a local agency nor a Commonwealth agency subject to the RTKL. We accordingly confine our analysis to that issue.[6] Preliminarily, we note that courts of common pleas typically review OOR decisions concerning local agencies. *See* 65 P.S. § 1302. Requester did not, however, appeal the OOR's conclusion as to McCormick's status as a local agency first to a court of common pleas and then to this Court. As a result, we have before us only that portion of the OOR's Final Determination regarding McCormick's status as a Commonwealth Agency, which we consider pursuant to our broad, *de novo* standard and scope of review. *Pennsylvania Office of the Governor v. Brelje*, 312 A.3d 928, 932 (Pa. Cmwlth. 2024) (citing, in part, 65 P.S. § 67.1301).

Requester alleges that McCormick at some point served as the solicitor of Lycoming County and entered its appearance on Lycoming County's behalf in other legal proceedings. Requester therefore argues that McCormick is by association an agency subject to the RTKL. (Requester Br. at 6-7) (unpaginated). We disagree.

The RTKL applies to, and establishes certain disclosure requirements regarding, records in the possession of Commonwealth, legislative, judicial, and local agencies as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102. *See also* Sections 301 to 305 of the RTKL, 65 P.S. §§ 67.301-.305 (establishing disclosure requirements and presumptions for each type of agency). Pertinent here, "Commonwealth agency" is defined as "[a]ny office, department, authority, board, multistate agency or commission of the executive branch, an independent agency and a State-affiliated entity." 65 P.S. § 67.102. Section 506(d)(1) of the RTKL further

---

[6] Requester's other issues together assert that (1) McCormick has joined with Lycoming County and the Pennsylvania State Police in a seditious, grand criminal conspiracy to obstruct justice and government functions; and (2) that Requester is entitled to certain hearing transcripts and records from his criminal case. (Requester Br. at 4) (unpaginated). Given the scope of our review in this case, we do not reach those issues.

provides that, in certain circumstances, records in the possession of nonagency entities may be deemed to be in the possession of agencies if certain requirements are met. 65 P.S. § 67.506(d)(1) (a record in the possession of "a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency . . . ").

Here, there are no facts in the record establishing that McCormick is a Commonwealth agency subject to the disclosure requirements of the RTKL. There further are no facts establishing that McCormick contracted with any Commonwealth agency to perform a government function or that the requested records relate to such a function. Even to the extent that Requester could establish that McCormick had a contractual relationship with Lycoming County that would subject it to the requirements of the RTKL (facts which Requester has not alleged), the subject records would in those circumstances be considered those of a *local* agency under the RTKL, which question, as noted above, is not before us. Thus, the OOR correctly determined that McCormick was not a Commonwealth agency subject to the RTKL's disclosure requirements.

We further note, however, that although the OOR concluded that it was without "jurisdiction" over Requester's appeal, the OOR does have jurisdiction in the first instance to adjudicate whether a party (here, McCormick) that receives a RTKL request is an agency subject to the RTKL's disclosure requirements. Thus, the more appropriate disposition would have been for the OOR to deny Requester's appeal because the Request sought documents from a party that is not subject to the RTKL. *See, e.g., In re: Right to Know Law Request Served on Venango County's Tourism Promotion Agency and Lead Economic Development Agency*, 83 A.3d 1101, 1103-04

5

(Pa. Cmwlth. 2014). Nevertheless, because the OOR's conclusions were correct, this minor discrepancy in verbiage does not alter our disposition. We accordingly affirm its Final Determination.

Lastly, as to the Motion to Quash, McCormick argues that this Court does not have jurisdiction over Requester's petition for review because (1) there was no final determination issued by an appeals officer for a Commonwealth, legislative, or judicial agency, and (2) Requester did not petition for review in the court of common pleas, which did not issue a decision from which he could petition for review in this Court. (McCormick Br. at 9.); *see also* 65 P.S. §§ 67.1301, 67.1302. As we note *supra*, however, the OOR had jurisdiction to consider whether McCormick was a Commonwealth agency subject to the RTKL. Any determination on that question is reviewable by this Court. *See Office of General Counsel v. Bumstead*, 247 A.3d 71, 76 n.7 (Pa. Cmwlth. 2021) (this Court exercises *de novo*, plenary review of OOR final determinations regarding Commonwealth agencies). Further, again as noted above, we agree with McCormick that, because Requester did not appeal to the court of common pleas, any question as to McCormick's status as a local agency subject to the RTKL is not before us. Having thus limited the scope of the petition for review, we need not dismiss it for lack of jurisdiction.

For these reasons, we deny the Motion to quash and affirm the OOR's Final Determination.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham,
          Petitioner

    v.

McCormick Law Firm (Office of
Open Records),
          Respondent

:
:
:
:
:  No. 749 C.D. 2024
:
:
:
:
:

## ***ORDER***

AND NOW, this 18th day of December, 2025, it is ordered that the Motion to Quash filed by McCormick Law Firm on August 14, 2024, is DENIED. It further is ordered that the May 16, 2024 Final Determination of the Office of Open Records is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge